**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDEE R. VENSOR,

　　　　　　Plaintiff - Appellant,

v.

TONYA SCHELL; et al.,

　　　　　　Defendants - Appellees.

No. 14-16408

D.C. No. 2:12-cv-01780-SPL-JFM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted July 8, 2016
San Francisco, California

Before:　　SILVERMAN and NGUYEN, Circuit Judges and ANELLO,** District
Judge.

　　　　Former Arizona prisoner Randee R. Vensor appeals the district court's

summary judgment in favor of prison officials in Vensor's 42 U.S.C. § 1983 action

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　**　　The Honorable Michael M. Anello, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

alleging deliberate indifference to his serious medical needs and conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment to defendant Schell because Vensor failed to raise a triable dispute of fact as to whether defendant Schell was deliberately indifferent to his serious medical needs. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under a § 1983 claim arises "only upon a showing of personal participation by the defendant") (citation omitted); *Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002) (noting non-moving party must set forth non-speculative evidence of specific facts to defeat summary judgment); *Hallett v. Morgan*, 296 F.3d 732, 745-46 (9th Cir. 2002) (where a prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused significant harm).

The district court improperly granted summary judgment to defendants Cervantes and Velasquez. The district court concluded that, despite the extreme temperatures on August 30, 2011, two one-hour transports without air conditioning did not rise to a sufficiently serious deprivation under the Eighth Amendment. The district court also concluded that Vensor failed to show that Cervantes and

Velasquez were aware of or should have been aware of a substantial risk to Vensor's health and safety.

When viewed in the light most favorable to Vensor, the evidence presented on summary judgment creates a dispute of material fact as to whether the extreme heat in the transport van, combined with Vensor's medical instructions not to eat or drink before the transport and lack of access to water and air conditioning in the van, actually caused substantial health risks to Vensor and constituted a sufficiently serious deprivation under the Eighth Amendment. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (finding evidence that prisoners did not receive sufficient protection from the elements to ward off heat-related illnesses could establish deprivations "sufficiently serious to satisfy the objective component of an Eighth Amendment claim").

Further, we conclude that the evidence presented at summary judgment was sufficient to raise a triable dispute of fact as to whether defendants Cervantes and Velasquez were deliberately indifferent to significant risks to Vensor's health. Vensor presented evidence that during the transport back to the prison, he was soaked in sweat, had difficulty breathing and seeing, and felt dizzy and shaky. When he tried to let Defendants know that the heat was making him ill, they laughed off his complaints. Vensor states that he asked Defendants to give him

water from their jugs and pleaded with them to open the van door, but they ignored his requests. Based on these facts, a jury could find that Defendants had actual knowledge of substantial risks to Vensor's health. *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (finding material issue of fact as to whether prison officials knowingly failed to respond to prisoner's requests for help). In addition to the evidence suggesting Defendants had specific knowledge of the risks to Vensor, a reasonable factfinder could conclude that the heat-related health risks of being transported in an enclosed van without functional air conditioning or access to water on a 114-degree day were obvious. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (stating that the fact that a risk is obvious supports the conclusion that a prison official was aware of the risk).

The district court did not abuse its discretion when it denied Vensor's motions for appointment of counsel because Vensor failed to demonstrate that exceptional circumstances existed. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining "exceptional circumstances" requirement). We do not express any opinion as to whether Vensor could, on remand, demonstrate that exceptional circumstances exist in connection with a renewed motion to appoint counsel.

We reject as unsupported by the record Vensor's contention that the district court applied the wrong standard when considering Vensor's motions for appointment of counsel.

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**